UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CM VANTAGE SPECIALTY INSURANCE
GROUP and KELLY K WOLFRAM,

        Plaintiffs,

  v.

GUILFORD SPECIALTY GROUP INC,

        Defendant.

Case No. 25-cv-0715-bhl

---

### ORDER TRANSFERRING CASE TO THE DISTRICT OF CONNECTICUT

---

On April 11, 2025, Plaintiffs CM Vantage Specialty Insurance Company and Kelly Wolfram filed this lawsuit against Defendant Guilford Specialty Group, Inc. in Kenosha County Circuit Court. (ECF No. 1-1 at 4.) Plaintiffs assert that Guilford Specialty, a Connecticut corporation, is unlawfully attempting to enforce a noncompete against Wolfram, a Wisconsin resident, for her current employment with CM Vantage, a Wisconsin corporation. (*Id.* at 5, 19–20.) On May 15, 2025, Guilford Specialty removed the case to this Court and, a week later, filed a motion to dismiss or, alternatively, to transfer the case to the District of Connecticut, where a related case is pending. (ECF Nos. 1 & 3.) Plaintiffs initially opposed the motion, and briefing was not completed until July 7, 2025. (ECF Nos. 7 & 11.) While this motion was pending, the circumstances in the Connecticut case changed. Wolfram moved to dismiss the Connecticut case for lack of jurisdiction or to transfer to Wisconsin, and, on July 31, 2025, the District of Connecticut denied that motion, retaining the parallel case. (*See* ECF No. 12-1.)

Since the Connecticut ruling, the parties agree that the case should be transferred to Connecticut and have filed a joint motion to achieve that result. (ECF No. 13.) Because a transfer makes sense for both reasons of convenience for the parties and witnesses and in the interest of justice, the Court will grant the motion. The Court finds that venue is appropriate in the District of Connecticut given that "a substantial part of the events or omissions giving rise to the claim occurred" in that district. *See* 28 U.S.C. §1391(b)(2). The District of Connecticut has jurisdiction

over a parallel proceeding and Guilford Specialty, Wolfram's former employer, is present in that district.  (ECF No. 12-1 at 2–4; ECF No. 1-1 at 5.)   As evidenced by the parties' stipulation, private interests also weigh in favor of transfer.  *See Atl. Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 51 (2013).   Moreover, litigating both cases in the District of Connecticut permits non-party witnesses to travel to one forum at one time, instead of needing to travel back and forth between the two forums throughout litigation.  The transfer is also in the interest of justice given the parallel case already pending there.  *See Rsch. Automation, Inc. v. Shrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010).

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion for transfer pursuant to 28 U.S.C. §1404(a), ECF No. 13, is **GRANTED**.  This matter is hereby transferred to the District of Connecticut.

**IT IS FURTHER ORDERED** that the pending motion to dismiss or, alternatively, to transfer, ECF No. 3, is **DENIED as moot**.

Dated at Milwaukee, Wisconsin on August 11, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
